UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 11 CR 96 |
| | ) | |
| vs. | ) | Hon. Robert M. Dow, Jr. |
| | ) | |
| DONALD DOERING | ) | |

GOVERNMENT'S CONSOLIDATED RESPONSE
TO DEFENDANT'S PRE-TRIAL MOTIONS

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, submits the following consolidated response to the pretrial motions filed by defendant. In response, the government states as follows:

I. Motion for Notice of Intention to Use Evidence of Other Crimes, Acts and Wrongs of Defendant

The defendant moved this court, pursuant to Federal Rules of Evidence 404(b) and 608(b), for the entry of an order requiring the government to provide notice of its intention to use at trial evidence of other crimes, act and wrongs of the defendant, within thirty days of trial. Rule 404(b) requires the government to "provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial." The government acknowledges its obligation to give notice under Rule 404(b) and agrees to submit notice no later than thirty days prior to trial the nature of any evidence then known to the government that the government intends to introduce at trial pursuant to this rule. Further, the government submits that it will seek appropriate leave prior to attempting to introduce any Rule 404(b) evidence that

the government does not in advance of trial intend to introduce, but that later becomes pertinent in the course of the cross-examination of any defense witness or in the government's rebuttal case. In this way, the defendant will be afforded the opportunity to argue the admissibility of such evidence before it is presented to the jury. This affords the defendant "reasonable notice" within the meaning of Rule 404(b).

To the extent defendant seeks information related to 608(b), that motion should be denied. There is no statute or rule that requires such disclosure three weeks, or even two weeks, prior to trial. Moreover, the government has not determined what, if any, evidence wil be presented in rebuttal, and thus cannot disclose the information at this time. Accordingly, the government respectfully requests that the defendant's motion be denied.

II.     Motion for Disclosure of Exculpatory and Impeaching Material

The defendant requests that this Court direct the government to turn over to him a series of documents pursuant to Brady v. Maryland, 373 U.S. 83 (1963). The government acknowledges its ongoing duty to disclose evidence favorable to the defendant in this case. This acknowledgment alone is a sufficient basis upon which to deny defendant's motion. See United States v. Helfand, et al., No. 05 CR 1003, 2006 WL 1517780, at *1 (N.D. Ill. May 23, 2006) (motion to produce Brady material denied as moot in light of government's acknowledgment of awareness of its Brady obligations); United States v. Sims, 808 F. Supp. 607, 614 (N.D. Ill. 1992) (same); see also United States v. Silesia Flavoring, Inc., et al., 03 CR 851, 2004 WL 419904, at *6 (N.D. Ill. March 1, 2004). Although the government recognizes that defendant is

entitled to witness-related information if that information contains Brady-related material, the government objects to a requirement that it immediately produce materials beyond that which is required by law. The government suggests that it be allowed to disclose this information 3 weeks prior to trial.

III. Motion For Disclosure of Evidence Which May Lead to the Impeachment of Any Government Witness

The defendant requests that this Court direct the government to turn over to him documents pursuant to Giglio v. United States, 405 U.S. 150 (1972). The government acknowledges its on-going duty to produce Giglio materials to defendant in this case. The government will honor its obligation under Giglio to provide defendant with any documents reflecting any agreement it has with witnesses at defendant's trial or any evidence bearing on any witness's credibility. The district courts in this circuit "have repeatedly held that where the government has made assurances it will comply with Brady and Giglio, those assurances are sufficient." United States v. Butler, No. 93 CR 720, 1994 WL 69387, at *2 (N.D. Ill. Feb. 4, 1994); see also United States v. Helfand, No. 05 CR 1003, 2006 WL 1517780, at *1 (N.D. Ill. May 23, 2006); United States v. Silesia Flavoring, Inc., et al., 03 CR 851, 2004 WL 419904, at *6 (N.D. Ill. March 1, 2004); United States v. Dominguez, 131 F.R.D. 556, 559 (N.D. Ill. 1990).

Moreover, the government agrees to provide all impeachment/Giglio evidence then available to the government at least thirty days prior to the trial in this case. Accordingly, this Court should deny defendant's motion as moot and deny defendant's

request for an order directing the government to disclose Giglio evidence thirty days prior to trial. The government's acknowledgment of its obligations under Brady and Giglio should not be interpreted as a stipulation to provide Defendant with all of the myriad of materials requested in his motions. Rather, the government will abide by the law in this Circuit and will provide defendant with all materials to which he is entitled.

IV. Motion for 3500 Material

Defendant moves this Court to order the government to produce material required by the Jenks Act concerning prior witness statements. The Government acknowledges its obligation to produce this material, but notes that the Act does not require that prior witness statements be produced until the witness has "testified on direct examination in the trial of the case." 18 U.S.C. Sec. 3500(a). As for the remainder of the defendant's requests, the government has already provided defense counsel with certain discovery under Rule 16 and Local Rule 2.04. The government intends to continue to undertake discovery practices to ensure expeditious resolution of this case. Additionally, as no trial date has been set and the government is still in the process of deciding which witnesses to call for trial, the government asks that the production of any list of witnesses and expert disclosures be handled in accordance with the rules of Criminal Procedure at a date determined by the Court.

CONCLUSION

For the reasons stated above, the government respectfully requests that the Court dispose of defendant's pretrial motions as suggested above.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

By:    s/Stephen P. Baker
        STEPHEN P. BAKER
        Assistant United States Attorney
        219 South Dearborn Street, 5th Floor
        Chicago, Illinois 60604
        (312) 353-5310

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | No. 11 CR 98 |
| DONALD DOERING, | ) ) ) ) | Hon. Robert M. Dow, Jr. |

CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

"Government's Consolidated Response to Defendant's Pre-Trial Motions"

was served on March 21,2011, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

By:   /s/ Stephen P. Baker
STEPHEN P. BAKER
Assistant United States Attorneys
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5300