AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

NORTHERN District of ILLINOIS

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| --- | --- | --- |
| v. | ) | |
| DONALD P. DOERING | ) | Case Number: 11 CR 98 - 2 |
| | ) | USM Number: 43047-424 |
| | ) | Robert L. Gevirtz |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

X pleaded guilty to count(s)   One (1) of the Indictment

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
| --- | --- | --- | --- |
| 18 USC 1343 and 2 | Wire Fraud | 11/11/07 | 1 |

The defendant is sentenced as provided in pages 2 through   5a and 6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X Count(s)   remaining counts   ☐ is   X are   dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 19, 2012
Date of Imposition of Judgment

_____
Signature of Judge

Robert M. Dow, Jr., U.S. District Court Judge
Name and Title of Judge

October 26, 2012
Date

Judgment — Page 2 of 5a and 6

DEFENDANT: DONALD P. DOERING
CASE NUMBER: 11 CR 98 - 2

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Thirty (30) months on Count One of the Indictment.

X  The court makes the following recommendations to the Bureau of Prisons:
Oxford, Wisconsin or a facility closest to Chicago area

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

X  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  X before 2 p.m. on   January 22, 2013   .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 5a, 6

DEFENDANT: DONALD P. DOERING
CASE NUMBER: 11 CR 98 - 2

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: One (1) year with the first 9 months in home detention with electronic monitoring.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: DONALD P. DOERING
CASE NUMBER: 11 CR 98 - 2

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall pay no less than ten percent of the defendant's net monthly income toward any restitution balance.

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

If the defendant is unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, he shall perform at least 20 hours of community service work per week at the direction of and in the discretion of the U.S. Probation Office until gainfully employed.

The defendant shall be placed on home detention for a period of 9 months. During home detention, the defendant will remain at his/her place of residence except for employment, medical, spiritual, religious or other activities approved in advance by the probation officer. The defendant shall remove any special features that are included in the telephone contract as directed by the probation officer. The defendant shall wear an electronic device and shall observe all the rules specified by the probation office. If the defendant is unable to wear an electronic monitoring device due to health or medical reasons, home detention with voice identification is ordered. The defendant shall pay the cost of electronic monitoring or voice identification at the daily contractual rate.

AO 245B (Rev. 09/11 Judgment in a Criminal Case Case: 1:11-cr-00098 Document #: 76 Filed: 10/19/12 Page 5 of 7 PageID #:698
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 5a, 6

DEFENDANT: DONALD P. DOERING
CASE NUMBER: 11 CR 98 - 2

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100 | $ | $ 2,000,000 Joint and Several with co-defendant Jay Strauss (1). |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| SEE ATTACHED LIST | | | |

| **TOTALS** | $ _____ | $ 2,000,000 joint and several with co-defendant Jay Strauss (1). |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   X   the interest requirement is waived for the    ☐ fine    X restitution.

   ☐   the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

---

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

| Balance per Statement of Position | | CASH BALANCE | MONEY MARKET BALANCE | |
|---|---|---|---|---|
| 1148 W. MONROE CONDOMINIUM ASSOC | | $ 17,375.38 | | |
| 1325 BIRCHWOOD CONDOMINIUM ASSOC | | $ 18,074.47 | | |
| 1447-49 CAMPBELL ST CONDOMINIUM ASSOC | | $ 4,786.20 | | |
| 1500 N. ORLEANS CONDOMINIUM ASSOC | | | | NO STATEMENTS (ACCT OPENED 12/18/07) |
| 1511 WEST CORNELIA CONDOMINIUM ASSOC | | | | |
| 1517 WEST JONQUIL CONDOMINIUM ASSOC | | $ 16,515.85 | $ 52,999.95 | |
| 1538-44 W THORNDALE PARK CONDO | | $ 16,595.86 | | |
| 159-161 W. GOETHE CONDOMINIUM ASSOC | | $ 31,502.29 | | |
| 1820 N. SPAULDING CONDOMINIUM ASSOC | | $ 59,526.87 | $ 41,582.82 | |
| 1920 NORTH LINCOLN CONDOMINIUM ASSOC | | $ 11,045.39 | $ 7,055.39 | (MONEY MARKET NOT HELD BY RRG) |
| 1935 NORTH FAIRFIELD CONDO ASSOCIATION | | $ 48,528.75 | $ 54,629.86 | |
| 223 WEST WISCONSIN CONDOMINIUM ASSOC | | $ 65,835.21 | | |
| 2439-43 N KEDZIE & 2476-80 N ALBANY | | | | |
| 3838-44 N. CLARK STREET CONDOMINIUM ASSOC | | $ 12,699.44 | | |
| 4432-38 S CALUMET AVENUE | | $ 6,190.80 | | |
| 4911 N. LINCOLN CONDOMINIUM ASSOC | | | | |
| 4913 N. LINCOLN CONDOMINIUM ASSOC | AROUND | | | |
| 4915 N. LINCOLN CONDOMINIUM ASSOC | THE | $ 4,937.80 | | |
| 4917 N. LINCOLN CONDOMINIUM ASSOC | SQUARE | | | |
| 4919 N. LINCOLN CONDOMINIUM ASSOC | | | | |
| 516 WEST OAKDALE CONDOMINIUM ASSOC | | $ 10,579.92 | | |
| 59-65 E. CEDAR STREET CONDOMINIUM ASSOC | | $ 78,575.86 | | |
| 921 N. LASALLE STREET CONDOMINIUM ASSOC | | $ 20,176.73 | $ 36,978.46 | |
| ARGYLE-GLENWOOD CONDOMINIUM ASSOC | | $ 39,234.70 | $ 80,498.14 | |
| ARMITAGE CLEVELAND CONDOMINIUM ASSOC | | $ (2,602.41) | $ 125,417.29 | |
| ASHLIE MANOR CONDOMINIUM ASSOC | | $ 43,971.06 | | |
| AVERS & AINSLIE CONDOMINIUM ASSOC | | $ 50,995.77 | | |
| BUENA PARK CONDOMINIUM ASSOC | | $ 37,541.32 | | |
| BYRON STREET CONDOMINIUM ASSOC | | | | NO STATEMENT PAST SEPT. 2007 |
| CARRIAGE PLACE ON ORLEANS CONDO ASSOC | | $ 15,994.30 | | |
| CLARENDON PARK CONDOMINIUM ASSOC | | $ 3,368.39 | $ 28,647.92 | |
| CLASSICS OF LAKEVIEW CONDOMINIUM ASSOC | | $ 23,363.92 | | |
| CUSTER & BRUMMEL CONDOMINIUM ASSOC | | $ 13,910.89 | | |
| KEDVALE TERRACE CONDOMINIUM ASSOC | | $ 12,046.48 | | |
| LAKEVIEW LOFTS CONDOMINIUM ASSOC | | $ 45,716.94 | $ 67,632.59 | |
| LANDMARK VILLAGE II | | $ 13,217.58 | | |
| MANORS OF WHIPPLE ASSOCIATION | | $ 39,188.12 | | |
| MANORS OF WILSON ASSOCIATION | | $ 20,143.84 | | |
| MOZART MANOR CONDOMINIUM ASSOC | | $ 2,201.59 | | |
| NEWPORT LOFTS CONDOMINIUM ASSOC | | $ 52,852.07 | | |
| NORTH CORNERS CONDO ASSOCIATION | | $ 7,215.61 | | (ACCTS AT WAMU) |
| OAK-DALE-LAKEWOOD CONDOMINIUM ASSOC | | | | |
| PICKFORD CONDOMINIUM ASSOCIATION | | | | NO STATEMENT PAST SEPT. 2007 |
| RAVENSWOOD ON THE PARK CONDO ASSOC | | $ 16,328.33 | | |
| RELIABLE LOFTS CONDOMINIUM ASSOC | | $ 30,026.58 | $ 20,970.52 | (CD) |
| STONERIDGE OF EVANSTON CONDO ASSOC | | | | NO STATEMENTS PAST 2006 |
| SURF-CAMBRIDGE CONDOMINIUM ASSOC | | $ 46,494.06 | $ 22,526.31 | |
| WASHTENAW LOFTS CONDOMINIUM ASSOC | | $ 385,526.63 | | (CASH) as of November 30, 2007 |
| WILLIAMSBURG MANOR CONDO ASSOC | | | | NO STATEMENT PAST 2006 |
| WINNITT PARK CONDOMINIUM ASSN | | $ 75,545.22 | $ 12,622.60 | |
| | | | | |
| 75TH ON THE LAKE | | $ 169,079.42 | | (SHORE BANK) |

DEFENDANT: DONALD P. DOERING
CASE NUMBER: 11 CR 98 - 2

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** X  Lump sum payment of $ 2,000,100 due immediately, balance due

    ☐ not later than _____ , or
    X in accordance    ☐ C,    ☐ D,    ☐ E, or    X F below; or

**B** ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** X  Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay no less than ten percent of the defendant's net monthly income toward any restitution balance.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Co-defendant Jay Strauss (1).

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.